This is a companion suit to Willie Collins v. United Electric Service, Incorporated, 1 So.2d 820, decided by us this day. The two cases were consolidated for trial below.
The lower court awarded plaintiff judgment in the sum of $1,779 and both plaintiff and defendant have appealed.
For the reasons assigned in No. 6192, we find that defendant is liable to plaintiff *Page 823 
for all damages suffered by him which were caused by the collision.
In this case plaintiff is the owner of the Model A Ford car which was involved in the accident and was at the time riding on the front seat of the car. He was severely injured and sued for damages amounting to $5,380.
Plaintiff is complaining here that the judgment is inadequate and defendant thinks it excessive.
In this case the collision insurer of the car owned by plaintiff intervened and showed it had paid $75 to the holder of the mortgage notes against the car, which were a part of the purchase price, and prayed to be awarded judgment for that amount out of the judgment secured by plaintiff for loss or damage to the car. The lower court awarded plaintiff judgment in the amount of $125 for damage to the car and ordered intervenor to be paid $75 out of said judgment. Both plaintiff and defendant complain of this part of the judgment. Plaintiff claims the full purchase price of the car, less $10, the salvage value of the car after the wreck, should have been awarded plaintiff as damages. Defendant contends the value of the car after the wreck has not been established and we are of the opinion that it has not been established with that certainty necessary for us to properly fix the damage. For that reason a judgment of nonsuit should have been entered as to that item, as well as to the claim of the intervenor.
Plaintiff is 60 years of age. He had been working for the Thermatomic Carbon Company for many years prior to the accident and earning approximately $38 per month. After the accident he was carried to a sanitarium where he remained seven days. He was then taken to his home where he remained for several weeks. The accident occurred on October 6, 1939, and it was January 1st following before he was able to attempt to perform any kind of work. At that time, at the suggestion of his doctor, he went back to work for his former employer. His employer tried to give him work he could perform but after a few weeks he was let out because he was unable to do the work.
Plaintiff was knocked unconscious; the septum, or big bone of the nose, was broken and is described by his doctor, "it was split open like you had used a razor and then hit it with a hammer". The breathing space had been reduced and partially blocked, preventing proper ventilation and drainage. The doctor who examined him for the defendant a few days after the accident testified to his findings on that occasion as follows: "Wallace appeared to be the most seriously injured. The whole right side of his face was badly contused and markedly swollen and his nose was badly contused; had a laceration on his nose almost the whole extent of the length of the nose itself, with a dislocation of the alon nasal cartilage itself, with no fracture of the nasal bone itself and he appeared to be very uncomfortable. He also complained of pains in the left side in the actuary line in his left chest actuary line. Had a laceration in the right leg and laceration on the forehead and laceration in his right upper eyelid. And he also complained of some pain in and about the left shoulder joint and soft tissues above the left shoulder bone."
He also found fractures of the fourth and fifth ribs on the left side. The day before trial this same doctor for the defendant made an examination of plaintiff and testified from that examination as follows: "He had evidence or remnants of this injury to his nose which was manifested by the protusion outward of the cartilage, which tells me there was a dislocation as before stated and the scar on his face, which was well healed as a result of the laceration, and he's got a wholly deviated septum. Still has some discomfort and pain in the region of the fractured ribs and he complains of inability to use the left hand, due to weakness. Wallace stated this came on gradually, which was one of the conditions that he did not complain of at the time of the first accident. He had some weakness in the left hand and an inability to completely make a fist."
The doctor also stated that Wallace claimed to have some difficulty in breathing, resulting from the deviated septum. He accounts for the hand injury as being due to some injury to the median nerve. He thought plaintiff totally disabled to perform labor at the time of trial and thought he would continue to be for another six or eight months at which time he should be fully recovered. *Page 824 
A reading of this old darkey's testimony convinces us that he has not exaggerated his injuries in any way. He made a faithful effort to work and could not, due to the injury. He has suffered much and will continue to suffer much pain and discomfort, due to the nose injury. He may be able to do some light work in the future and we rather think he will, but there is very serious doubt that he will, at his age, ever fully recover. Certainly the nose injury will not.
According to the views of defendant's doctor, plaintiff will lose a year from work, which is a loss to him of $456 in wages and there is no certainty that he will be sufficiently recovered at the end of the year to perform hard labor.
The award of the lower court, in the sum of $1,500 for pain, suffering, injuries and loss of wages is, in our opinion, inadequate and should be increased by $1,000. It therefore follows that the item of $125 allowed plaintiff for damages to his car is set aside and his claim in this respect is dismissed as of nonsuit; also the claim of the intervenor for $75 it paid as collision insurer for damage to the car is dismissed as of nonsuit. The award of $1,500 for pain, suffering, disability and loss of wages is increased to $2,500. The amount allowed for hospital, doctors', hospital and ambulance bills is correct and is not disturbed. With these amendments the judgment of the lower Court is affirmed.
In this court defendant has filed a motion to remand the case for the purpose of allowing it to show that plaintiff is not permanently disabled. It attached to the motion an affidavit of the cashier of the Thermatomic Carbon Company in which she states that Wallace Moore has been working at that plant since October 7, 1940, which is a year and one day after the date of the accident. She does not pretend to say what kind of work he is doing, whether it is heavy work or picking up paper on the premises. It is not sufficient to justify us in remanding the case. If we took it as true that plaintiff is now performing some light work, our present judgment could not be affected.
The judgment of the lower court is amended as above set out and, as amended, it is affirmed, with costs.