This is a suit for damages for personal injuries received by plaintiff in an automobile collision. The cars involved were a pick-up truck owned by the defendant and driven at the time by one of its employees in the course of his employment, and a Tudor, Model A Ford automobile owned by Wallace Moore and driven at the time by plaintiff, Willie Collins.
The accident occurred at a point where the old graveled road, formerly leading from Sterlington to Spencer, intersects and joins with the new black-top road leading from Sterlington to Spencer. Defendant's truck was proceeding toward Sterlington on the black-top road and plaintiff was traveling on the graveled road headed toward Spencer. The destination of the defendant's truck was Monroe, Louisiana, and that of the plaintiff's car a church a few miles north of the intersection. Defendant's truck was traveling south and plaintiff's car was going north.
The collision occurred on the graveled road some 12 to 15 feet from the blacktop road. The facts are clear to our mind that Willie Collins drove the Ford car to within 12 or 15 feet of the intersection of the graveled road with the black-top and, seeing defendant's truck approaching rather *Page 821 
fast, brought the Ford car to a stop to allow defendant's truck to pass before entering onto the black-top. The Ford car was standing still when defendant's truck left the black-top road and crashed head-on into it. Defendant's truck was traveling at the time from 45 to 50 miles per hour and no effort was made to lessen its speed until the moment of the collision.
Before the black-top road was built, the graveled road on which the accident occurred was the only route to Sterlington from Spencer. This route led to the river which was at that time crossed by the means of a ferry. After a bridge was erected over the river at a point considerably east of the place used by the ferry, the black-top road was built and it necessitated a rounding curve in the road beginning at about the point of the intersection of the old graveled road and the black-top road as it is now. Therefore, when traveling from Spencer to Sterlington on the black-top, the road curves to the east at that point. One traveling this road and not making the turn to the east but continuing straight ahead would enter into the graveled road, as defendant's truck did on the night of this collision.
The driver of the truck was familiar with the situation, having traveled this road many times. He admits he had no intention of leaving the black-top as his destination was through Sterlington on to Monroe and there was no way to cross the river via the graveled road, the ferry having been discontinued after the bridge was completed.
The testimony in the record makes it clear to our mind that the driver of the truck thought the Ford car was on the black-top and that he did not realize that he had reached the intersection above described. This is accounted for by the fact that the driver of the truck admitted that he was blinded by the lights of the Ford car. Although he admitted he was blinded, he made no attempt to slow the truck down, but kept moving at a speed of 45 to 50 miles per hour. A further evidence that the driver and his companion, who was on the seat with him, were completely lost for the time being is that neither of them know whether the collision occurred on the black-top or on the graveled road, their contention being that regardless of which road it was on, they were on their right side of it. However, the record does not bear them out in this contention but, to our satisfaction, shows that the Ford car was stopped on its right side of the graveled road some distance away from the intersection and was at that place when it was run into. The driver of the Ford and the owner of it, who was on the front seat, both testified that when the Ford was stopped, the dimmers were put on. However, this is immaterial to a determination of the case. Plaintiff brought the Ford car to a complete stop in a place of safety and because the driver of the truck became blinded by the lights of plaintiff's car is not a legal excuse for the collision.
Defendant has urged numerous defenses, all of which are without merit when applied to the facts as we have found them.
Defendant is liable for the damages caused by the collision.
The lower court awarded plaintiff judgment in the sum of $2,160.50 and all costs, including expert witnesses' fees, in the amount of $68.75.
Both plaintiff and defendant appealed from this judgment. Plaintiff is asking that the amount of the award be increased and defendant contends that if judgment is given, the amount of the award should be decreased.
Plaintiff was knocked unconscious and received many bruises and contusions over his body. He remained in the sanitarium for eight days and then was carried to his home where he was confined to his bed and the house for five or six weeks. Four months later he was unable to work, except to do light work, which his employer gave him because of his previous long service with the company, and could not work at that kind of a job regularly. He received four broken ribs; had three of his upper front teeth broken off and injuries to his knees, especially the left knee which, due to the injury, would give way under him after standing on it for several hours. As to whether this injury will be permanent or not the doctors disagree, as usual. He suffered a great deal of pain and the testimony of a dentist who examined plaintiff is that the three teeth will have to be removed and replaced by a bridge.
One of defendant's doctors thought that plaintiff would fully recover within eight or ten weeks from the date of trial, which was four months after the date of the accident. The two doctors who testified for plaintiff are of the opinion he is permanently injured in the left knee but that an operation might cure it.
There is certainly no certainty as to when if ever plaintiff will fully recover. *Page 822 
The lower court awarded $2,000 for injuries, pain and suffering caused to him and we are of the opinion it is inadequate.
Plaintiff is less than 40 years of age and has been earning approximately $2.80 per day. He is married and the father of five children. We are convinced that an award of $3,000 for his injuries, pain and suffering will be more in line with the jurisprudence of this State.
Defendant has filed in this court a motion to remand the case in order that it might show that plaintiff has been and is working regularly since the trial in the lower court. It attached to the motion an affidavit of the cashier of plaintiff's employer which states that he has been working for his former employer since December 14, 1939, and was working up to November 4, 1940, and the record discloses that Willie Collins was working at a light job at that time and that he was unable to perform the regular hard work which he had been doing prior to being injured. There is nothing new in the affidavit attached to the motion. It does not claim plaintiff is in better physical condition than when the case was tried below and it does not state he is doing any work different from the kind he was performing at the time of trial, on which testimony was given.
The motion to remand is therefore overruled.
It therefore follows that the judgment of the lower court is amended by increasing the amount of the award from $2,160.50 to $3,160.50 and, as amended, the judgment of the lower court is affirmed.